George J. Klevenhagen v. Commissioner. Christine C. Klevenhagen v. Commissioner.
Klevenhagen v. Commissioner
Docket Nos. 20296, 20297.
United States Tax Court
1950 Tax Ct. Memo LEXIS 148; 9 T.C.M. (CCH) 579; July 7, 1950
LEECH
Memorandum and Order LEECH, Judge: Petitioners have filed timely separate motions: (1) to reconsider the Court's opinion and (2) to revise its opinion in certain limited respects as to basis for taxation of the $3,500 profit received from the sale of slot machines and marble-table machines. In the Memorandum Findings of Fact and Opinion entered herein on May 16, 1950 [9 TCM 399,], it was found as a fact that petitioners had taxable income from the sale in 1943 of certain slot machines and marble-table machines, in the amount of $3,500. In that opinion it was decided that since the cost basis of such property had been fully depreciated prior to the taxable year 1943, the entire profit of $3,500 was taxable community income of the respective petitioners. *149 Upon further examination of the record, it appears that the undisputed testimony establishes that such property was property used in a trade or business, of a depreciable character, and held for more than six months. Therefore, under the provisions of section 117 (j) of the Internal Revenue Code, the gain of $3,500 realized from its sale is to be considered as gain from the sale or exchange of a capital asset, and taxable under section 117 (b) at 50 per centum. Cf. Wilson Line, Inc., 8 T.C. 394. Therefore, the premises considered, it is. ORDERED: That both motions of petitioners be and the same are hereby granted; and it is FURTHER ORDERED: That the Memorandum Findings of Fact and Opinion entered herein on May 16, 1950 be and the same is hereby amended in the following respects: The finding of fact at the top of page 5 of the Memorandum Findings of Fact and Opinion, reading as follows: "In the taxable year 1943 petitioners had taxable community income in the amount of $3,500, no part of which was included in their respective income tax returns *150 filed for such year." returns filed for such year." is hereby amended to read as follows: "In the taxable year 1943 petitioners received community income in the amount of $3,500, from the sale of property, a capital asset, no part of which was included in their respective income tax returns for such year." The following paragraphs on pages 8 and 9 of such Memorandum Findings of Fact and Opinion, reading as follows: "There remains for further consideration the matter of the item of $3,500 received from the sale of the slot machines and marble-table machines. Petitioners concede the gain from that transaction constitutes taxable income in the taxable years which was not reported for tax purposes. In this connection two questions for determination arise, first, the year in which the sale occurred, and second, whether petitioners have shown a proper basis. Neither of the petitioners was certain as to whether the sale was made in 1942 or 1943. We think, therefore, there is no basis for complaint as to our determination that the sale occurred in 1943. As to the basis, George J. Klevenhagen testified that his cost of such machines was between $1,300 and $1,400. He also testified that *151 the gain had not been reported for tax purposes because he thought the value of the machines had been fully depreciated before the sale. We accept his testimony as to the machines having been fully depreciated. Therefore, the entire amount of $3,500 constituted taxable income in the year 1943, and we have so found as a fact. "Since the $3,500 is community income, one half or $1,750 is to be added to the taxable income severally reported by each petitioner for the year 1943, and the deficiencies resulting from the inclusion of such amounts redetermined under Rule 50." are hereby amended to read as follows: "There remains for further consideration the matter of the item of $3,500 received from the sale of the slot machines and marble-table machines. Petitioners concede the gain from that transaction constitutes income in the taxable year of the sale which was not reported for tax purposes. In this connection two questions arise, first, the year in which the sale occurred, and second, whether petitioners have shown a proper basis. Neither of the petitioners was certain as to whether the sale was made in 1942 or 1943. We think, therefore, there can be no reasonable complaint as to *152 our determination that the sale occurred in 1943. As to the basis, George J. Klevenhagen testified that the gain had not been reported for tax purposes because he thought the value of the machines had been fully depreciated before the sale. We accept his testimony as to the machines having been fully depreciated. Therefore his basis was zero and the entire gain of $3,500 constituted income received in that year, and we have so found as a fact. Since the evidence establishes that the property was held for more than six months and was depreciable property used in petitioners' trade or business, the gain from its sale is to be considered as gain from the sale or exchange of a capital asset. Section 117 (j), Internal Revenue Code. Cf. Wilson Line, Inc., 8 T.C. 394. Under section 117 (b) of the code only 50 per centum or $1,750 constitutes taxable income. Petitioners had no other capital gains or losses in the year 1943. "Since the $3,500 gain is community income, one half of the taxable gain of $1,750 or $875 is to be added to the taxable income severally reported by each petitioner for the year 1943, and the deficiencies resulting from the inclusion *153 of such amounts redetermined under Rule 50."